UNITED STATES DISTRICT COURT FO THE
SOUTHERN DISTRICT OF NEW YORK
Civil Action, Case _____-"EFC" Case

-----------------------------------------------------------------------x

JOHNNY BLACKWELL, and JOSE VIVANCO
  Plaintiffs

  -against-

PATHWAYS TO HOUSING INC,
NEW YORK STATE OFFICE OF MENTAL HEALTH
WESTCHESTER COUNTY DEPARTMENT OF COMMUNITY MENTAL HEALTH
WHITNEY YOUNG MANOR, L.P.
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
  Defendants
-----------------------------------------------------------------------x

07 CIV. 6604 WP4

**COMPLAINT**
LEGAL SERVICES OF THE HUDSON VALLEY
*Attorneys for the Plaintiffs*
4 Cromwell Place
White Plains, New York 10601
(914) 949-1305

1

# TABLE OF CONTENTS

|      |                                              | Page |
|------|----------------------------------------------|------|
| I.   | Nature of the Action                         | 3    |
| II.  | Jurisdiction and Venue                       | 4    |
| III. | Parties                                      | 4-7  |
| IV.  | Constitutional, Statutory, Regulation Scheme | 7    |
| V.   | Facts                                        | 7-9  |
| VI.  | First Cause of Action                        | 9    |
| VII. | Second Cause of Action                       | 10   |
| VIII.| Third Cause of Action                        | 10   |
| IX.  | Fourth Cause of Action                       | 11   |

## NATURE OF THE ACTION

1) This action seeks to redress the denial of Plaintiffs valuable property interest that has been taken from them in violation of due process, and in breach of the statutory scheme found at 42 U.S.C. §11403 *et seq*. Plaintiffs also seek declaratory judgment against defendants Pathways to Housing, Inc.

2) Plaintiffs are two men who reside in the city of Yonkers. Both Plaintiffs suffer from mental illness and were homeless. When they were homeless they were both in treatment for their mental illness.

3) Plaintiff's sought assistance to help them relocate from the homeless shelter's into permanent housing. They were referred by their mental health providers and linked with Pathways to Housing Inc. (herein Pathways).

4) Both Plaintiffs were found eligible and approved for Shelter Plus Care, and have had Pathways as their sponsor for housing based rental assistance for several years.

5) Shelter Plus Care is a federally subsidized housing program that was created by Congress as part of the McKinney Vento Homeless Assistance Act, *42 U.S.C. § 11403 et seq.*, to provide rental housing assistance to homeless persons with disabilities, primarily to people who suffer from serious mental illness, chronic problems with alcohol, drugs or both or have acquired immunodeficiency syndrome (AIDS) and related diseases. Pathways is a local administrator of the Shelter Plus Care program.

6) Pathways has terminated the Plaintiffs from their program without notice or a pre termination hearing.

## JURISDICTION

7) The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States 28 U.S.C. §1391.

## VENUE

8) Venue properly lies within the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391(b) in that all of the plaintiffs reside in the County of Westchester, County of New York, State of New York, and defendants have offices within both the County of Westchester and County of New York which are all within the jurisdiction of the Southern District of New York.

## PARTIES

### PLAINTIFF JOHNNY BLACKWELL

9) JOHNNY BLACKWELL, hereinafter referred to as Plaintiff Blackwell, is 51 years of age, having been born on the 8th day of July, 1955 in West Virginia. Plaintiff Blackwell had been receiving housing assistance from defendant Pathways, through its Shelter Plus Care program. Defendant Pathways, without notice or hearing excluded Plaintiff Blackwell from Shelter Plus Care.

10) Plaintiff Blackwell resides in a one-bedroom apartment at 354 Nepperhand Avenue, #10G, Yonkers, NY 10701. He shares his apartment with a significant other.

11) Plaintiff Blackwell suffers from psychiatric disabilities and he is a veteran of the U.S. Army. His sole income source is Supplemental Security Income (SSI). SSI is a federal welfare entitlement, administered through the Social Security Administration, for individuals like him who are poor and disabled. He receives $690 per month.

## PLAINTIFF JOSE VIVANCO

12) JOSE VIVANCO, hereinafter referred to as Plaintiff Vivanco, is 48 years of age, having been born on the 10th day of March, 1959. He was born in Ecuador and became a United States citizen in 1983 in Brooklyn, New York.

13) Plaintiff Vivanco resides at 66 North Broadway, #3, Yonkers, New York 10701 and he lives alone.

14) Plaintiff Vivanco receives Supplemental Security Income (SSI). He receives $700 a month.

## DEFENDANT PATHWAYS TO HOUSING INC.

15) Pathways to Housing Inc. a not for profit corporation organized under the laws of the state of New York, is a supportive service provider subject to federal regulations 24 CFR § 582.5. Upon information and belief Pathways has been approved to be a supportive service provider by the U.S. Department of Housing and Urban Development and/or its State agent the New York State Department of Mental Health and/ or the Westchester County Department of Community Mental Health. A supportive service provider as defined by 24 CFR §582.5 (3) is a person licensed or otherwise qualified to provide supportive services, either for profit or not for profit. Pathways, Inc. contracts with Westchester County Department of Community Mental Health to provide housing for recipients of Shelter Plus Care.

## DEFENDANT NEW YORK STATE OFFICE OF MENTAL HEALTH

16) New York State Office of Mental Health (hereinafter OMH) is a state agency, which operates psychiatric centers across the state, regulates, certifies and oversees more than 2,500 programs, which are operated by local government and non-profit agencies.

These services include various inpatient and outpatient programs, emergency community support, residential and family care programs. OMH is responsible for the management of the Shelter Plus Care program, including monitoring and enforcing compliance with all relevant federal regulations and upon information and belief is a conduit for Shelter Plus Care funding.

### DEFENDANTS WESTCHESTER COUNTY DEPARTMENT OF COMMUNITY MENTAL HEALTH

17) Westchester County Department of Community Mental Health (hereinafter DCMH) plans, oversees and coordinates services for individuals with mental illness, developmental disabilities and substance abuse disorders. DCMH oversees the Shelter Plus Care program in Westchester County and contracts with housing agencies to provide the services contemplated by the Shelter Plus Care program. Upon information and belief DCMH is the local agency responsible to administer Shelter Plus Care funding.

### DEFENDANTS WHITNEY YOUNG MANOR L.P.

18) Whitney Young Manor L.P. is a limited partnership which exists pursuant to the laws of the State of New York and has its principal place of business at 359 Nepperhan Ave, Yonkers, NY 10701. Whitney Young Manor, L.P. owns Whitney Young Manor an apartment complex in Yonkers, New York with 195 units. Whitney Young Manor LP sued Plaintiff Blackwell in Yonkers City Court for non payment of rent and obtained a judgment of eviction.

### DEFENDANTS UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

19) The United States Department of Housing and Urban Development (HUD), an agency of the federal executive branch is responsible for the execution of the Shelter Plus

Care program. HUD promulgated the regulations for the Shelter Plus Care program at 24 CFR 582.1 et seq. Under the Shelter Plus Care Program individuals and families with mental illness, Acquired Immune Deficiency Syndrome and alcohol and drug abuse histories can be eligible for rental subsides.

## CONSITUTUIONAL, STATUTORY AND REGULATORY SCHEME

20) The U.S. Congress in the McKinney-Vento Homeless Assistance Act, 42 U.S.C. §11403 et seq. created Shelter Plus Care, a rental housing assistance program to assist homeless individuals who suffer from serious mental illness, or have chronic problems with alcohol, drugs or both or have acquired immunodeficiency syndrome (AIDS). If an eligible individual who receives assistance pursuant to the Shelter Plus Care Program, violates program requirements, the recipient must have a formal process that recognizes the rights of individuals receiving such assistance to due process of law. The statutory authority for termination from Shelter Plus Care is found in 42 USCS 11403f(b). The regulatory authority is found at 24 CFR 582.320.

21) The U.S. Congress enacted the Shelter Plus Care Program to provide housing for homeless individuals who have disabilities.

22) The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution provides that no citizen shall be deprived of property without due process of law.

## FACTS

23) Plaintiffs, for the sake of brevity, collectively reallege all the facts outlined in paragraphs numbered 1-22.

7

24) Pathways is a supportive service provider. They have a contract with DCMH the administrator of Shelter Plus Care program for certain individuals within Westchester County. In this capacity Pathways finds suitable apartments and provides various social services for the eligible person.

25) The Plaintiffs both have a history of incarceration and homelessness. They were both living in "drop shelters" when they were linked with Pathways. A drop in shelter is a facility where homeless individuals may come on a nightly basis, they are served on a first come first served basis.

26) Both Plaintiffs were evaluated by Pathways, found to be eligible and accepted for services, in particular, Shelter Plus Care. Pathways placed both plaintiffs in apartments.

27) Pathways receives it funding for these Plaintiffs through the Shelter Plus Care program. Under the Shelter Plus Care program participants such as the plaintiffs must pay thirty percent of their income toward their rent. Pathways, as administrator of the program, pays the balance of the funds from Shelter Plus Care.

28) Both Plaintiffs were terminated from Pathways and Shelter Plus Care on vague allegations of possible program violations. Plaintiff Blackwell was accused of drug activity in his apartment (Exhibit A) and Plaintiff Vivanco was alleged to have been incarcerated.

29) Neither Plaintiff received proper notice of their termination from Shelter Plus Care. Plaintiff Blackwell was not given written notice until he requested it and Plaintiff Vivanco received a "Ten day Notice to Quit" (Exhibit B) which stated he was not a Pathways client. Pathways has terminated the Plaintiffs without a hearing.

30) A letter was sent to Mr. Health Gurimsky, Esq. the attorney for Pathways requesting a hearing be held regarding the termination from Pathways. (Exhibit C) In a reply letter Mr. Gurimsky asserted Pathways position stating that there is no entitlement to a hearing. (Exhibit C)

31) Legal Services of the Hudson Valley contacted DCMH to determine whether Plaintiffs are in subsidized housing programs. DCMH indicated that Plaintiffs are recipients of Shelter Plus Care, a federally funded housing program at the core of this complaint.

32) Both Plaintiffs were sued by their landlords, for non-payment of rent and a holdover proceeding in Yonkers City Court. Plaintiff Blackwell has a judgment against him, has been served with a warrant of eviction and have moved for a stay of the eviction. Both Plaintiffs are at risk of losing their homes and becoming homeless once again.

**AS FOR A FIRST CAUSE OF ACTION
VIOLATION OF PLAINTIFFS' RIGHT TO PROCEDURAL DUE PROCESS
PURSUANT TO THE 14TH AMENDMENT TO THE UNITED STATES
CONSTITUTION**

33) Plaintiffs repeat, reiterate and reallege every allegation previously set forth herein.

34) Defendants Pathways is part of a federal and state system to assist people with mental disabilities to obtain permanent housing and they administer a federal program and as such is a state actor.

35) Defendants failure to provide grounds for termination of the Shelter Plus Care subsidy violates plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution in that it deprives plaintiffs of property interests in their housing subsidy without cause and without opportunity for a hearing.

## AS FOR A SECOND CAUSE OF ACTION
## VIOLATION OF PLAINTIFFS' RIGHT TO PROCEDURAL DUE PROCESS PURSUANT TO THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION

36) Plaintiffs repeat, reiterate and reallege every allegation previously set forth herein.

37) Defendants Pathways is part of a federal and state system to assist people with mental disabilities to obtain permanent housing and they administer a federal program and as such is a state actor.

38) Defendants' failure to provide for a meaningful opportunity to be heard regarding the termination of Plaintiffs from Pathways and as such violates Plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution in that it deprives plaintiffs of property interests.

## AS FOR A THIRD CAUSE OF ACTION
## DEFENDANT PLATHWAYS HAS VIOLATED THE PROGRAM'S STATUTORY AND REGULATORY REQURIEMENTS

39) Plaintiffs reiterate and reallege every allegation previously set forth herein.

40) Defendants Pathways is part of a federal and state system to assist people with mental disabilities to obtain permanent housing and they administer a federal program and as such is a state actor.

41) Defendant has failed to provide the plaintiffs with a formal process of termination that recognizes the rights of individuals receiving Shelter Plus Care pursuant to 42 USCS §11403(f). Defendant has failed to give the plaintiffs written notice containing a clear statement of the reasons for termination 24 CFR 582.320 (b)(1). Defendant has failed to give the plaintiffs an opportunity to review the decision and to present written or oral objections before a person other than the person who made or approved the termination decision 24 CFR 582.320(b)(2).

### AS FOR A FOURTH CAUSE OF ACTION
### DECLARATORY JUDGMENT

42) Plaintiffs repeat, reiterate and reallege every allegation previously set forth herein.

43) The plaintiffs will suffer irreparable injury if declaratory judgment is not granted. Defendants have commenced actions in Yonkers City Court, which will lead to the eviction of the plaintiffs. Declaratory judgment "shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 USCS §2201 (a).

WHEREFORE, Plaintiffs respectfully request that this court enter a judgment in their favor as follows:

1) Declaring that Pathways or any other entity responsible for the administration of Plaintiffs' Shelter Plus Care Subsidy be directed to reinstate Plaintiff Blackwell's subsidy retro-actively from December 2006 to present and Plaintiff Vivanco's subsidy from September 2006 to present.

2) Permanently enjoin defendant Pathways and any other responsible entity from terminating Plaintiffs or any other recipients of the Shelter Plus Care program without a timely and adequate notice and a pre-termination hearing.

3) Declare that defendant Pathways practice of terminating Plaintiffs from Shelter Plus Care without notice and an opportunity to be heard violates due process.

4) Issue declaratory judgment defining the relationship of the plaintiffs to the defendants in regard to the administration of the Shelter Plus Care program.

11

5) Enjoin defendants from evicting plaintiffs fir non-payment of the Shelter Plus Care portion of the rent for so long as Plaintiffs are qualified participants in the Shelter Plus Care Program.

*[signature: Mary Grace Ferone]*

LEGAL SERVICES OF THE HUDSON VALLEY
Mary Grace Ferone
Bar #MGF 8596
4 Cromwell Place
White Plains, NY 10601
(914) 949-1305

VERIFICATION

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF WESTCHESTER )

I, Jose Vivanco, am the Plaintiff in the within action and have read the foregoing Complaint and know the contents to be true to my own knowledge except to any matters wherein I state that my knowledge is upon information and belief. As to those matters, I believe them to be true.

_____
Jose Vivanco

Sworn to before me this
18 ~~12st~~ day of July 2007

_____
Notary Public

REBECCA E. GOLDMAN, ESQ.
Notary Public, State of New York
No. 02GO6166531
Qualified in Westchester County
Commission Expires ___2011___

VERIFICATION

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF WESTCHESTER )

    I, Johnny Blackwell, am the Plaintiff in the within action and have read the foregoing Complaint and know the contents to be true to my own knowledge except to any matters wherein I state that my knowledge is upon information and belief. As to those matters, I believe them to be true.

*Johnny Blackwell*

Sworn to before me this
12st day of July 2007

*Notary Public*

REBECCA E. GOLDMAN, ESQ.
Notary Public, State of New York
No. 02GO6166861
Qualified in Westchester County
Commission Expires _____ 2011