

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

July 25, 2007

**BY MAIL AND FAX**
The Honorable Charles L. Brieant
United States District Judge
United States Courthouse
300 Quarropas St., Room 275
White Plains, NY 10601
Fax: (914) 390-4085

Re:     *Blackwell v. Pathways to Housing, Inc.*, 07 Civ. 6604

Dear Judge Brieant:

The Government writes regarding the preliminary injunction hearing scheduled for this Friday, July 27, 2007 at 10:00 am, in the above-referenced case. While the plaintiffs' motion for a preliminary injunction seeks no relief from the Department of Housing and Urban Development ("HUD"), the Government intends to appear at the hearing and will provide whatever assistance it can in resolving the plaintiffs' motion. The case involves allegations that the plaintiffs were denied housing subsidies under the Shelter Plus Care program without notice and a hearing. The plaintiffs allege that notice and a hearing prior to termination are required by federal law and the Fourteenth Amendment of the United States Constitution.

The Shelter Plus Care program is a congressionally-enacted program of housing subsidies for homeless persons with disabilities. The program is part of the McKinney-Vento Homeless Assistance Act, 42 U.S.C. § 11301 *et seq.* The program is administered at the local level by State and local government grantees of congressionally-appropriated funds. *See* 42 U.S.C. § 11403g(1) (defining "applicant" as a "State, unit of general local government or public housing agency"). While HUD reviews grant applications and makes the initial determination of which State and local government entities will receive grants, HUD does not administer the issuance or termination of subsidies to individual tenants. *See* 42 U.S.C. § 11403d (setting forth "selection criteria"). Rather, the grantee is obligated to administer the program in compliance with applicable laws and regulations. *See* 42 U.S.C. § 11403e; 24 C.F.R. §§ 582.400-410. In this case, the grantee is the defendant Westchester County Department of Community Mental Health. The Westchester County Department of Community Mental Health has, in turn, contracted with Pathways to Housing, Inc. to administer the program.

Because of its limited involvement in the day-to-day administration of the Shelter Plus Care program, HUD is not a proper party to the litigation. The complaint asserts no cause of action against HUD, nor does it seek any relief from HUD. The plaintiffs do not allege that

HUD took any improper action, or failed to take any action that it was obligated to take. Indeed, counsel for plaintiffs has confirmed in conversation with the Government that the complaint asserts no claims against, or seeks any relief from, HUD.

Even at this early stage, there are several flaws in the complaint against HUD that would warrant dismissal. These include a lack of Article III standing, failure to state a claim under Rule 12(b)(6), and sovereign immunity.

*First*, as between the plaintiffs and HUD, there appears to be no "case" or "controversy" within the meaning of Article III. The plaintiffs have alleged no "injury in fact" that is "fairly traceable to the challenged action of [HUD]." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Accordingly, the plaintiffs have no standing to sue HUD.

*Second*, putting aside constitutional considerations, the lack of any cause of action against HUD would warrant dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). *See also* Fed. R. Civ. P. 8(a) (requiring a "short and plain statement of the claim").

*Third*, the action is barred by sovereign immunity. "The United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The plaintiff bears the burden of proving that there has been a waiver of sovereign immunity. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiffs have not identified an applicable waiver of sovereign immunity.

Finally, it bears noting that HUD is not a necessary party under Rule 19 of the Federal Rules of Civil Procedure. Rule 19 requires joinder of a person if either one of two conditions are met. First, a person must be joined "if in the person's absence complete relief cannot be accorded among those already parties . . . ." Fed. R. Civ. P. 19(a). Here, HUD's presence is not required to accord any party full relief. The plaintiffs' termination or non-termination from the Shelter Plus Care program is not dependent on HUD's actions. HUD has made no determination of eligibility of the plaintiffs for Shelter Plus Care subsidies. In the event that the Court determines that the plaintiffs were inappropriately terminated from the Shelter Plus Care program, and orders their reinstatement, there is no reason to believe that HUD will stand in the way. Second, a person must be joined if "the person claims an interest relating to the subject of the action" and must be joined in order to protect that interest or avoid leaving the other parties subject to inconsistent obligations. *Id.* HUD does not claim an interest in this litigation. The only interest at stake in this case is the plaintiffs' entitlement to due process from Pathways to Housing and the Westchester County Department of Community Mental Health in their termination from the Shelter Plus Care program. Because HUD does not participate in individual termination decisions, it has no interest in the outcome of the litigation. *See Edgecomb v. Housing Authority of the Town of Vernon*, 824 F. Supp. 312, 314 (D. Conn. 1993) (holding that HUD was not necessary party in case alleging that tenants were denied notice and hearing prior

to termination of Section 8 housing subsidies).

The Government is prepared to make a formal motion to dismiss should the case proceed. Thank you for your consideration of this matter. The Government looks forward to appearing in this case at the hearing scheduled for this Friday, July 27, 2007.

Respectfully,

MICHAEL J. GARCIA
United States Attorney

By:      _____

JOHN D. CLOPPER
Assistant United States Attorney
Telephone: (212) 637-2716
Facsimile: (212) 637-0033
john.clopper@usdoj.gov

cc:      BY EMAIL AND FIRST-CLASS MAIL
Elwin C. Hutter
Legal Services of the Hudson Valley
4 Cromwell Place
White Plains, NY 10601
ehutter@lshv.org
*Counsel for Plaintiffs*

Carol F. Arcuri
148 Maritime Avenue, Room 600
White Plains, NY 10601
cfa1@westchestergov.com
*Counsel for Defendant Westchester County*
        *Department of Community Mental Health*

BY FAX AND FIRST-CLASS MAIL
Heath Gurinsky
1468 Midland Avenue
Bronxville, NY 10708
fax: 914.237.5092
*Counsel for Defendant Pathways to Housing, Inc.*

Page 3 of 4

Charles Macellaro
570 Yonkers Ave.
Yonkers, New York
fax: 914.963.1772
*Counsel for Defendant Whitney Young Manor LP*