# Legal Services of the Hudson Valley

Protecting Rights
Promoting Justice

**MAIN OFFICE**
4 Cromwell Place, White Plains, NY 10601 • Tel. (914) 949-1305 - Fax. (914) 949-6213

July 26, 2007

**BY FAX AND MAIL**

The Honorable Charles L. Brieant
United States District Judge
United States Courthouse
300 Quarropas St., Room 275
White Plains, NY 10601

Re:   Blackwell v. Pathways to Housing, Inc., 07-Civ. 6604

Dear Judge Brieant,

Please accept this letter in response to the July 25 letter submitted by John D. Clopper, Assistant U.S. Attorney, in the above-referenced matter. At the outset, the plaintiffs would like to make clear their appreciation of the government's presence at the July 27 hearing and its offer of assistance. We look forward to working with all parties towards an amicable resolution to this matter.

In his letter Mr. Clopper alleges several reasons why the complaint against the Department of Housing and Urban Development (HUD) should be dismissed. While these positions are best suited for a formal motion, because they have been brought to the courts attention, plaintiffs ask that the court consider this letter in response.

The government first alleges that no case or controversy has been alleged against HUD. This, however, is not true. The complaint filed by the plaintiffs alleges four causes of action, the last of which requests that the Court issue a declaratory judgment "defining the relationship of the plaintiffs to the defendants in regards to the administration of the Shelter Plus Care Program." As further set forth in the complaint, this request for a declaratory judgment is made pursuant to 28 USC § 2201, which states that the court "upon the filing of an appropriate proceeding, may declare the rights and other legal relations of any interested party seeking such declaration, *whether or not further relief is or could be sought*." (Emphasis added.) Furthermore, it has been held that the declaratory judgment should be liberally construed and that "an actual controversy may exist where a party seeks a declaratory judgment." *Central Hudson Gas & Electric Corp. v. Shaw*, 465 F.Supp. 331, 333 (S.D.N.Y. 1978) (quoting *Beacon Construction Co., Inc v. Matco Electric Company*, 521 F.2d 392 (2d Cir. 1975).


A Funded Agency of the
Legal Services Corporation

| **WESTCHESTER** | **WESTCHESTER** | **DUTCHESS** | **ULSTER** | **ORANGE/SULLIVAN** |
|---|---|---|---|---|
| 30 South Broadway | 100 East First St., Suite 810 | 29 North Hamilton Street | 101 Hurley Avenue | 123 Grand Street |
| Yonkers, NY 10701 | Mt. Vernon, NY 10550 | Poughkeepsie, NY 12601 | Kingston, NY 12401 | Newburgh, NY 12550 |
| Ph: 914.376.3757 | Ph: 914.813.6880 | Ph: 845.471.0058 | Ph: 845.331.9373 | Tel: 845.569.9110 |
| Fax: 914.376.8739 | Fax: 914.813.6890 | Fax: 845.471.0244 | Fax: 845.331.4813 | Fax: 845.569.9120 |

www.lshv.org
877-LSHV LAW

Given the liberal construction afforded declaratory relief and the statutory language that such relief is appropriate regardless of the availability of other relief, plaintiff's request for a declaratory judgment alone is sufficient to satisfy the Article III requirement of a "case" or "controversy".

The government's second contention that the alleged lack of a cause of action is sufficient to warrant dismissal for failure to state a claim under Rule 12(b)(6) is nothing more than an opinion as to how this court would rule should such a motion be penned. However, no such motion is pending before this court.

The government next asserts that sovereign immunity has not been waived in this matter. Title 42 of the United States Code expressly waives sovereign immunity in section 1403a, which states that "[t]he Secretary of Housing and Urban Development may sue and be sued . . . with respect to its functions under the United States Housing Act of 1937." The United States Housing Act of 1937 is found at 42 U.S.C. § 1437 *et seq.* and includes the Shelter Plus Care program.

Finally, because the plaintiffs have requested declaratory relief regarding the right and obligations of all parties under the Shelter Plus Care program the presence of HUD, as author and enforcer of these regulations, is necessary. *See Boles v. Greenville Housing Authority*, 468 F.2d 476 (6th Cir. 1972); *Guesnon v. McHenry*, 539 F.2d 1075 (5th Cir. 1976) (joinder of HUD allowed to ensure explanation and clarification of its regulations.) In the instant matter it is clear that defendant Pathways to Housing has a view of the notice requirement that differs from that contemplated by HUD. Additionally, because plaintiff Blackwell is facing an eviction due to nonpayment of rent, a large portion of which was to come from HUD granted funds, inclusion of HUD is necessary to ensure complete relief for the plaintiffs. Indeed, the Shelter Plus Care regulations specifically state that HUD retains enforcement obligations set forth in the grant agreements that allow the program to operate on a local level. 24 C.F.R. § 582.400(b). While the day-to-day operations of the Shelter Plus Care program rests with the local authorities, HUD remains the ultimate arbiter of the those operations and ensuring that existing regulations are followed.

Thank you for your consideration of this matter.

Respectfully,

*[signature]*

Mary Grace Ferone, Esq.
Managing Attorney


Cc:    By Fax and First Class Mail
       John D. Clopper
       86 Chambers Street

New York, NY 10007
(212) 637-0033

Carol F. Arcuri
148 Martine Avenue, Room 600
White Plains, NY 10601
(914) 995-3132

New York State Attorney General's Office
120 Broadway
New York, NY 10271
Attn: June Duffy
(212) 416-6009

Heath Gurimsky
1469 Midland Avenue
Bronxville, NY 10708
(914) 237-5092

Charles Macellaro
570 Yonkers Avenue
Yonkers, NY 10704
(914) 963-1772