UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

JOHNNY BLACKWELL and
JOSE VIVANCO,

                                    Plaintiffs,

                    v.

NEW YORK STATE OFFICE OF
MENTAL HEALTH, et al.,

                                    Defendants.

-----------------------------------------------------x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

ORDER ON NOTICE

07 Civ. 6604 CLB *KMK*

WHEREAS plaintiffs herein commenced the within action and order to show cause requesting injunctive and declaratory relief against defendants, and whereas the order to show case appeared on the court calendar on July 27, 2007 before the Honorable Charles L. Brieant, United States District Judge, and whereas plaintiffs appeared by their attorneys, Legal Services of the Hudson Valley, Elwyn C. Hutter and Mary Grace Ferone of counsel, and the defendants Pathways to Housing, Inc. appeared by Heath Gurimsky, defendant Westchester County Department of Community Mental Health appeared by Shannon Brady, the United States Department of Housing and Urban Development appeared by John Clopper and Erica Levin, and defendant Whitney Young Manor appeared by Charles Macellaro, whereas all the parties wishing to be heard have been heard, the parties having reached a settlement regarding injunctive relief, it is hereby ordered that:

        1) defendant Pathways and Department of Community Mental Health are ordered to hold termination proceedings according to statutory and regulatory guidelines which govern the

Shelter Plus Care program prior to the termination or eviction of plaintiffs Blackwell and Vivanco;

2) in reference to plaintiffs Blackwell and Vivanco, notice of termination from defendant Pathways shall be provided within ten days of entry of this order;

3) defendant Pathways is directed by August 15, 2007 to provide an invoice of rent due and owing in relation to plaintiff Blackwell from December 1, 2006 through and including August 31, 2007 to defendant Department of Community Mental Health;

4) defendant Department of Community Mental Health is directed to make payment to defendant Pathways on said invoices by August 24, 2007;

5) defendant Pathways is directed to forward these payments to defendant Whitney Young no later than August 31, 2007;

6) defendant Department of Community Mental Health and defendant Pathways are directed to continue payments on behalf of plaintiffs Blackwell and Vivanco pursuant to program guidelines until such time as either plaintiffs are properly terminated or voluntarily leave the Shelter Plus Care program;

7) defendant Whitney Young is stayed from proceeding on or executing the judgment and warrant of eviction relative to plaintiff Blackwell issued by the Yonkers City Court on Special

Proceeding 1984-07 pending the payments as ordered herein;

     8) defendant Pathways is stayed from proceeding on the eviction proceeding against plaintiff Vivanco in Yonkers City Court known as Special Proceeding 1915-07 pending the holding and completion of termination hearing.

     The Foregoing Constitutes the Order of The Court.

HON. CHARLES L. BRIEANT, ~ Kenneth M. Karas
UNITED STATES DISTRICT COURT JUDGE

Dated: 9/28/07

TO:

     Westchester County Attorney
     Greg Spicer, Esq.
     148 Martine Avenue
     White Plains, New York 10601
     Attoreny for Defendant Westchester County DCMH

     United States Department of Justice
     United States Attorney General
     Southern District Of New York
     John D. Clopper, Assistant United States Attorney
     86 Chambers Street
     New York, New York 10007
     Attorney for Defendant HUD

     Heath Gurimsky, Esq.
     1468 Midland Avenue, 5f
     Bronxville, New York 10708
     Attorney for Defendant Pathways

Charles Macellaro, Esq.
570 Yonkers Avenue
Yonkers, New York 10704
Attorney for Defendant Whitney Young Manor, L.P.

77riblam ag                    MOTION

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ---------------------------x

3    JOHNNY BLACKWELL and
     JOSE VIVANCO,
4
                    Plaintiffs,
5
            v.                          07 Civ. 6604 CLB
6
     NEW YORK STATE OFFICE OF
7    MENTAL HEALTH, et al.,

8                   Defendants.

9    ---------------------------x

10                                      White Plains, N.Y.
                                        July 27, 2007
11                                      10:15 a.m.

12   Before:

13                   HON. CHARLES L. BRIEANT,

14                                   District Judge

15                       APPEARANCES
     LEGAL SERVICE OF THE HUDSON VALLEY
16        Attorney for Plaintiffs
     MARY GRACE FERONE
17   ELWYN C. HUTTER

18   WESTCHESTER COUNTY ATTORNEY
          Attorney for Defendant Department of Mental Health
19   SHANNON S. BRADY

20   HEATH GORINSKY
          Attorney for Defendant Pathways to Housing
21
     MACELLARO & MARTINELLI
22        Attorney for Defendant Whitney Young Manor
     CHARLES J. MACELLARO
23
     UNITED STATES ATTORNEY'S OFFICE
24   FOR THE SOUTHERN DISTRICT OF NEW YORK
     JOHN CLOPPER
25   ERICA LEVIN
          Assistant United States Attorneys

77riblam ag                    MOTION

1      THE COURTROOM DEPUTY:  Johnny Blackwell and José

2  Vivanco v. the New York State Office of Mental Health, et al.

3      THE COURT:  This Court issued an order to show cause

4  at the request of the plaintiffs on July 23rd.  Who wants to be

5  heard in behalf of the plaintiffs?

6      MS FERONE:  I do, your Honor.  Mary Grace Ferone.  I'm

7  going to be asking the Court for a *pro hac vice* order to allow

8  my partner Elwyn Hutter to address the motion.

9      THE COURT:  You have to pay the clerk the fee.

10      MS FERONE:  Got it right here.  They told us to come

11  up.

12      THE COURT:  Whose application is it?

13      MS FERONE:  For Elwyn Hutter.

14      THE COURT:  Mr. Hutter, your application to appear *pro*

15  *hac vice* in the case is granted.  Welcome to the Mother Court.

16  Do you want to speak?

17      MR. HUTTER:  Yes, your Honor, thank you.  The

18  plaintiffs in this case ask for a preliminary injunction

19  requesting two forms of relief:  First, staying any underlying

20  Yonkers City Court proceeding, there are two of which, which

21  stand to evict Mr. Blackwell and Mr. Vivanco.

22      THE COURT:  Do I understand correctly that one of them

23  is incarcerated?

24      MR. HUTTER:  Mr. Vivanco was incarcerated at the end

25  of 2005 and the first couple of months of 2006.  Both are

77riblam ag                  MOTION

1    currently living in the apartments that they contracted to live

2    in with Pathways to Housing and their respective landlords.

3            THE COURT:  And he was terminated for disruptive

4    behavior or just for not paying?

5            MR. HUTTER:  Well, Mr. Blackwell was -- defendant

6    Whitney Young is seeking to evict them for nonpayment of rent.

7            THE COURT:  Not for selling drugs.

8            MR. HUTTER:  Not for selling drugs.  For nonpayment of

9    rent.  Mr. Vivanco, Pathways to Housing is seeking to evict him

10   as a licensee because of the time that he was absent from the

11   apartment.  That time was caused not only by his brief

12   incarceration but by a subsequent hospitalization.

13           THE COURT:  Now, he would be entitled to an

14   administrative hearing and they could do that, couldn't they?

15           MR. HUTTER:  That's what we're asking for.  We're

16   asking for time for that administrative process to take place.

17   Pathways to Housing --

18           THE COURT:  I don't have to adjudicate this.  The only

19   relief that this Court should give you is to hold everything up

20   until they hold a hearing.

21           MR. HUTTER:  Yes.  And for continued payment of the

22   rent to the landlords.

23           THE COURT:  I don't know if I can mandate the payment.

24           MR. HUTTER:  Well, the subsidy currently is in place

25   according to recent conversations with the County.  We're not

77riblam ag                    MOTION

1  asking that the plaintiffs get a free ride.  The landlords are

2  entitled to their money.  Plaintiff Blackwell is in fact being

3  evicted for nonpayment of rent.

4          THE COURT:  But they have to pay part of the rent

5  themselves.

6          MR. HUTTER:  Absolutely.  That portion of the rent we

7  will account for.  But the largest portion, roughly 70 percent

8  of the rent, is to come from Pathways to Housing through the

9  County through the Shelter Plus Care program.  So even if we

10  procured plaintiff Blackwell's 30 percent of the rent, the

11  nonpayment proceeding would still lie.  And if the payment of

12  rent is not continued on behalf of Mr. Vivanco, a new

13  nonpayment proceeding would lie in Yonkers City Court.  We're

14  not asking that new monies should be spent.  The subsidies

15  should be in effect for both plaintiffs.

16          THE COURT:  There's no question that if they want to

17  give him an evidentiary hearing and if they find that one was

18  selling drugs, and it's not quite clear to me what the other

19  one was doing, they're not evicting him for that, only for

20  nonpayment.

21          MR. HUTTER:  That's correct.  If the administrative

22  hearing process is held and we go through and they find that

23  the subsidies should be terminated, so be it.  We're simply

24  asking for that administrative process which has not been

25  granted.

77riblam ag                MOTION

1        THE COURT:  All right.  That would have to be given by

2   the two different landlords, the hearing.  Who gives the

3   hearing?

4        MR. HUTTER:  I believe the County would have to give

5   the hearing as the local administrator of the Shelter Plus Care

6   program.

7        THE COURT:  Ms Brady.

8        MS BRADY:  The County is willing to hold a hearing.

9   There is a process that the Pathways would have to start in

10  order to get there.  So it's just a matter of that process

11  being begun.  We do have them both active.

12       THE COURT:  So the Court then ought to order that and

13  order payment in the meantime.

14       MS BRADY:  We don't have any objection to that, your

15  Honor.

16       THE COURT:  And you'll give him a prompt hearing.

17       MS BRADY:  To the best of our abilities as long as

18  Pathways cooperates with us because it's a joint process.

19       THE COURT:  If they don't cooperate they're not going

20  to be in good order.  I think I understand your position.

21       Who wants to speak for the landlord?

22       MR. MACELLARO:  Good morning, your Honor.  Charles

23  Macellaro.  I represent Whitney Young Manor LP.  They're new.

24  The previous client went bankrupt.

25       THE COURT:  You're the landlord of which plaintiff?

77riblam ag                MOTION

1          MR. MACELLARO: Blackwell. We're just a stakeholder.

2          THE COURT: Your client wants him out of there though.

3          MR. MACELLARO: Well, because we're not being paid.

4          THE COURT: Not because they're selling drugs?

5          MR. MACELLARO: No. We just want the money.

6          THE COURT: Okay.

7          MR. MACELLARO: We have the two tenants arguing with

8    each other as to who is liable for that money.

9          THE COURT: These people don't live together, do they?

10          MR. MACELLARO: No. Pathways signs the lease. And

11    then Pathways, I forget what they call them, an orientation,

12    they're sublessees, subtenants. So Pathways sublets to

13    Blackwell. So Blackwell has sole possession of the apartment.

14    But the money comes from Pathways. And we're not getting it.

15          THE COURT: All right. I think I understand.

16          MR. MACELLARO: And that's been for the past eight

17    months.

18          THE COURT: Okay.

19          MR. MACELLARO: So we're due $7,182. And we don't

20    want to go bankrupt again.

21          THE COURT: I hope not.

22          Who represents Pathways?

23          MR. GORINSKY: Heath Gorinsky. Both parties were

24    notified about being removed from the program. My

25    understanding --

77riblam ag                    MOTION

1          THE COURT:  Let's take them one at a time.  Blackwell

2    was removed from the program for what?

3          MR. GORINSKY:  Drug activity.

4          THE COURT:  You do agree that he has to have a due

5    process hearing to be removed and the County has indicated a

6    willingness to do that promptly.

7          MR. GORINSKY:  That's fine.  They've been notified for

8    a very long time.  I thought the process was that Blackwell and

9    Vivanco request a hearing within a certain amount of time.

10          THE COURT:  As far as I can see, they're entitled to a

11    hearing.  And you have to make the hearing available.  If they

12    don't show up, the hearing officer is going to rule against

13    them.  The County will take care of that.

14          So I think that I ought to issue a preliminary

15    injunction that you go ahead and have the hearing with the

16    County and that you make the payments in the interim.  And if

17    the County says he's out, if they affirm the decision to toss

18    him out of the program, then that's effective as of the date of

19    being rendered.  I don't see any problem with that.

20          MR. GORINSKY:  That's fine.  Our point is we gave them

21    proper notice within a sufficient time frame and no one

22    requested the hearing.

23          THE COURT:  I don't think that's necessarily so.  I

24    think you have to put it down where the goats can get at it.

25          MR. MACELLARO:  If I may, your Honor --

77riblam ag                    MOTION

1          THE COURT:  Let me address one more thing.  What about

2     the other tenant?

3          MR. GORINSKY:  Mr. Vivanco.

4          THE COURT:  Is he your tenant?

5          MR. GORINSKY:  He was a client of Pathways.  And the

6     reason the landlord is not here on that case is because

7     Pathways commenced the eviction proceeding against Mr. Vivanco.

8     And in that case, a licensee holdover was commenced.

9          THE COURT:  Is there any question that he's entitled

10    to a hearing before they toss him out?

11         MR. GORINSKY:  He was incarcerated for five and a half

12    months.  During the incarceration we initially started the

13    case.  And then when he left prison basically we were notified

14    and we started the case against him and the person he left in

15    the apartment.

16         THE COURT:  Can he be excluded from the program for

17    having been convicted?

18         MR. GORINSKY:  Pathways cannot hold the apartment for

19    more than three months.  So after three months they have to

20    relinquish the apartment.

21         THE COURT:  Does the plaintiff claim that that's an

22    issue for a hearing?

23         MR. HUTTER:  Yes, your Honor.  There's no regulation

24    stating that incarceration in and of itself is a reason to

25    terminate.

77riblam ag                MOTION

1       THE COURT:  But he's telling me as I hear him that if
2  you're vacant for three months regardless, if you're just
3  taking a trip to Spain, you lose your status.
4       MR. HUTTER:  It's my understanding that you do not
5  automatically lose your subsidy.
6       THE COURT:  By moving out.
7       MR. HUTTER:  By vacating the apartment.  What is at
8  issue here is whether or not the subsidy has been terminated,
9  because with the subsidy flows the payment of rent.
10       THE COURT:  Then he has to have a hearing also.
11       MR. GORINSKY:  He's talking about subsidy, I'm talking
12  about terminating him from the Pathways program.
13       THE COURT:  They're interlocked aren't they.  I think
14  the Court has to order both as to Blackwell and Vivanco that
15  they have to have a due process hearing with the County before
16  they may be terminated.  Is there something else you wanted to
17  say before I go on?
18       MR. MACELLARO:  You're absolutely correct, your Honor.
19  I represent the Yonkers Municipal Housing Authority.
20       THE COURT:  In this case?
21       MR. MACELLARO:  No, no.  But similar law.  They have
22  to afford that hearing.  And that's the process that has to go
23  forth.
24       THE COURT:  They've agreed to do it.
25       MR. MACELLARO:  All I wanted to say is I agree with

10

77riblam ag                    MOTION

1    the Court.

2           THE COURT:  It seems to me that the issues have been

3    resolved here on the record.  And it may well be that the

4    plaintiff would like to submit an order.

5           MR. HUTTER:  Certainly, your Honor.

6           THE COURT:  And I suppose that really concludes any

7    issues in this lawsuit.  That would be a final judgment,

8    wouldn't it?

9           MS BRADY:  Just for a moment, your Honor.  My

10   understanding is in order for the County to pay, if what we're

11   doing is paying the back amount, we need to get an invoice from

12   Pathways.

13          THE COURT:  For Heaven's sake, will somebody give an

14   invoice.

15          MS BRADY:  I just wanted that to be clear on the

16   record.

17          THE COURT:  Do you need a claim form?

18          MS BRADY:  I don't know what the process is.  The

19   term-of-art has been invoice.

20          THE COURT:  The directions of the Court are

21   conditioned on the presentation of a proper invoice or claim

22   form.

23          MR. MACELLARO:  May I be heard on that point too, your

24   Honor?

25          THE COURT:  Sure.  That's silly.  If the Court orders

77riblam ag                    MOTION

1    it, the Court has the power of civil contempt.  I don't need a

2    claim form.

3            MR. MACELLARO:  As I understand it, in this particular

4    instance Pathways pays my client.  Blackwell, the subtenant,

5    gives the money to Pathways also.

6            THE COURT:  The County is producing the big bucks.

7            MR. MACELLARO:  Westchester County is giving the money

8    to Pathways.  But Pathways has the dollars and cents.

9    Therefore included in that order must be a direction to

10   Pathways to pay the landlord within ten days.

11           THE COURT:  Okay.  If you want to, as long as you're

12   here, you can rough this out and read it into the record.

13   Otherwise the papers will be flying around, there may be some

14   issue about wording.

15           MR. MACELLARO:  I think it's a good idea.

16           THE COURT:  Would you like to do that?

17           MR. MACELLARO:  Okay.

18           THE COURT:  Why don't you do that.

19           The Court grants the motion to the extent set forth on

20   the record.

21           (Pause)

22           THE COURT:  Who is going to read the provisions into

23   the record at this time?

24           MS FERONE:  I am your Honor.  We have one point that

25   we'd like your Honor's assistance with, one last sticking

77riblam ag                    MOTION

1    point.

2            THE COURT:  What is that?

3            MS FERONE:  It's our position and the position of most

4    of the other defendants except for Pathways that the current

5    proceeding that Pathways has pending in City Court against

6    plaintiff Vivanco, it's our position that it should be

7    withdrawn because it's a holdover proceeding based on

8    allegations which would be subject to the hearing that they're

9    going to be offering our client.  So to have a holdover

10   proceeding in City Court --

11           THE COURT:  Does it make any difference whether it's

12   stayed or withdrawn?  Because if the hearing determines he's

13   not eligible, probably they're going to evict him.

14           MS FERONE:  They would have the benefit then of

15   starting a summary proceeding in violation of --

16           THE COURT:  I will order that all eviction proceedings

17   be stayed until a further order of this Court, which can be

18   obtained on application by anybody after due process hearings

19   have been concluded.  Anybody have a problem with that?

20           ALL COUNSEL:  No.

21           THE COURT:  Thank you.  Please read into the record

22   the provisions of the order so the Court can mark it so ordered

23   on the transcript.

24           MR. CLOPPER:  John Clopper, United States Attorney's

25   Office.

77riblam ag                    MOTION

1      THE COURT:  Please listen carefully.  Everyone will be

2  asked when he's finished with the statement whether it is

3  consistent with your understanding.

4      MR. CLOPPER:  Thank you, your Honor.  I just want to

5  make a brief statement.

6      THE COURT:  It's an order of the Court once it's

7  ordered, so you'll have to read the whole thing.  That's what I

8  thought you were going to do in order to save time and the

9  hassle of going back to your office and drawing it up and

10  having some other lawyer have some problem with the order.

11      MR. CLOPPER:  That's what we're going to do.  I will

12  read one part of the order that pertains to HUD.

13      THE COURT:  Somebody else is going to read the rest?

14      MR. CLOPPER:  Yes, sir.  Just to reflect HUD's limited

15  interest in the case, we've agreed on this.  That the order

16  entered today does not obligate HUD -- HUD reserves the right

17  to exercise its rights under the agreement between the

18  Department of Housing and Urban Development and Westchester

19  County Department of Mental Health and applicable federal law.

20      I also assume you're going to enter final judgment

21  today.

22      THE COURT:  I don't know if I can.  The problem will

23  be that after the due process hearing, either everybody is

24  going to be reinstated and live happily ever after or they're

25  going to be evicted.  So I don't know whether I can do that.

77riblam ag                    MOTION

1   If everybody agreed to do that, that's fine.  The courthouse is

2   always open, you know.

3           MR. CLOPPER:  In that event, I would just, and I don't

4   think this is going to be necessary, but I would like to

5   reserve the right to move to dismiss HUD from the case.

6           THE COURT:  Sure.  Is there any problem about what's

7   been stated so far?

8           ALL COUNSEL:  No, your Honor.

9           THE COURT:  So stipulated.  Who is going to give us

10  the rest of the provisions?

11          MS FERONE:  I will, your Honor.  Whereas plaintiffs

12  commenced the within action and order to show cause requesting

13  injunctive and declaratory relief against defendant, and

14  whereas the order to show cause appeared on the court calendar

15  on July 27, 2007 before the Honorable Charles L. Brieant,

16  United States District Judge, and whereas plaintiffs appeared

17  by their attorneys, Legal Services of the Hudson Valley, Elwyn

18  C. Hutter and Mary Grace Ferone of counsel, and the defendants

19  Pathways to Housing, Inc. appeared by Heath Gorinsky, defendant

20  Westchester County Department of Community Mental Health

21  appeared by Shannon Brady, the United States Department of

22  Housing and Urban Development appeared by John Clopper and

23  Erica Levin, and defendant Whitney Young Manor appeared by

24  Charles Macellaro, whereas all the parties wishing to be heard

25  have been heard, it is hereby ordered that:

77riblam ag                MOTION

1          1) defendant Pathways and Department of Community

2    Mental Health are ordered to hold termination proceedings

3    according to statutory and regulatory guidelines which govern

4    the Shelter Plus Care program prior to the termination or

5    eviction of plaintiffs Blackwell and Vivanco;

6          2) in reference to plaintiffs Blackwell and Vivanco,

7    notice of termination from defendant Pathways shall be provided

8    within ten days of entry of this order;

9          3) defendant Pathways is directed by August 15, 2007

10   to provide an invoice of rent due and owing in relation to

11   plaintiff Blackwell from December 1, 2006 through and including

12   August 31, 2007 to defendant Department of Community Mental

13   Health;

14         4) defendant Department of Community Mental Health is

15   directed to make payment to defendant Pathways on said invoices

16   by August 24, 2007;

17         5) defendant Pathways is directed to forward these

18   payments to defendant Whitney Young no later than August 31,

19   2007;

20         6) defendant Department of Community Mental Health and

21   defendant Pathways are directed to continue payments on behalf

22   of plaintiffs Blackwell and Vivanco pursuant to program

23   guidelines until such time as either plaintiffs are properly

24   terminated there or voluntarily leave the Shelter Plus Care

25   program;

77riblam ag                    MOTION

1              7) defendant Whitney Young is stayed from proceeding

2    on or executing the judgment and warrant of eviction relative

3    to plaintiff Blackwell issued by the Yonkers City Court on

4    Special Proceeding 1984-07 pending the payments as ordered

5    herein.

6              And then our last paragraph is 8, I think it's what

7    your Honor stated, which is relative to:

8              8) defendant Pathways is stayed from proceeding on the

9    eviction proceeding against plaintiff Vivanco in Yonkers City

10   Court known as Special Proceeding 1915-07 pending the holding

11   and completion of termination hearing.

12             THE COURT:  Thank you.  Is everyone satisfied?

13             ALL COUNSEL:  Yes, your Honor.

14             THE COURT:  The Court appreciates the efforts of the

15   attorneys in resolving the format of this adjudication by the

16   Court, and the order as read in the record is adopted as the

17   Court's order.  The Court will also endorse the transcript in

18   due time and have it docketed as a separate paper.

19             The Court assumes you don't want to discontinue the

20   case today, so I'll give you a date to come back and tell me

21   the status of it in September.  And if you find out that

22   everything has been resolved and there's nothing more to

23   litigate, you don't have to attend, if you send in a

24   discontinuance.  We will see you back here on September 21,

25   2007 at nine a.m.

77riblam ag                    MOTION

1          MR. MACELLARO:  I can't make that.  I hope I don't

2   have to attend anyway.

3          THE COURT:  I assuming you won't.  You can certainly

4   send somebody from your office.

5          MR. MACELLARO:  I'm sorry.  I apologize.  That is Yom

6   Kippur.

7          THE COURT:  We'll give you another date.  Friday

8   September 28, nine a.m.  The matter is continued until

9   September 28th and if everything is resolved you can send in a

10  discontinuance prior thereto and there's no need to attend.

11         Thank you all for your attendance here today.

12         The Court will be in recess.

13         (Proceedings adjourned)

14

15

16

17

18

19

20

21

22

23

24

25